# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT TURNER, #13717-025, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 19-cv-00700-JPG |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Robert Turner, an inmate who is in the custody of the Federal Bureau of Prisons ("BOP") and currently confined in the Gilmer Federal Correctional Institution ("FCI-Gilmer"), brings this action against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680. (Doc. 1). Plaintiff claims that he was forced to submit to a tuberculosis ("TB") test while on a federal holdover at White County Jail on July 10, 2017. (Doc. 1, pp. 1-2). The Jail's nurse, *i.e.*, Nurse Burnett, injected Plaintiff, even after he informed her that he tested positive for TB and treated for it in 2010. (*Id*. at p. 2). When the nurse injected him, Plaintiff's arm began to spasm, and he has since suffered from gastroesophageal reflux disease and nighttime sweats. Plaintiff seeks money damages. (*Id*.).

The Complaint is now before the Court for review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

Based on the allegations summarized above, the Court designates a single count in the *pro se* Complaint:

**Count 1:** Defendant, by and through the negligence or deliberate indifference of Nurse Burnett, is liable under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, for administering Plaintiff an unnecessary and/or harmful TB test on or around July 10, 2017.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim in the Complaint that is not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

**Discussion**

The FTCA allows civil actions for money damages against the United States for personal injury or death caused by the negligent or wrongful act or omission of any Government employee while acting within the scope of his or her office or employment. *See* 28 U.S.C. § 1346(b)(1). Whether the misconduct giving rise to Plaintiff's claim involved an employee of the federal government is unclear, but the Court saves this issue for another day—and a more complete record. *See Lipsey v. United States*, 879 F.3d 249, 253-54 (7th Cir. 2018). *See also United States v. Orleans*, 425 U.S. 807, 813 (1976); *Logue v. United States*, 412 U.S. 521, 5528 (1973). Whether Plaintiff exhausted all administrative remedies and timely filed this action is likewise unclear; his Complaint is silent on both issues. *See* 28 U.S.C. § 2675(a); *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003). Finally, whether Plaintiff states a claim under the FTCA and Illinois tort law governing medical malpractice remains to be seen. To do so, he must satisfy the elements of a medical malpractice claim under Illinois tort law. *Augutis v. United States*, 732 F.3d 749, 752 (7th

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Cir. 2013) (court considering an FTCA claim looks to the state tort law of the state where the tortious conduct occurred). Under applicable state law, *i.e.*, 735 ILCS § 5/2-622, Plaintiff is required to file an affidavit stating that "there is a reasonable and meritorious cause" for litigation of the medical malpractice claim, along with a physician's report in support of the affidavit. *See Young v. United States*, 942 F.3d 349 (7th Cir. 2019). Plaintiff has filed neither to date. Although his failure to do so is not dispositive of his claim at this point, he must do so before the summary judgment phase of the case. Despite the issues noted herein, the Court will allow this claim to proceed against the United States.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A, and **COUNT 1** will receive further review against Defendant **UNITED STATES**. **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order.**

**The Clerk is DIRECTED to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS ORDERED** that with regard to **COUNT 1**, the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on Defendant **UNITED STATES OF AMERICA**. The Clerk shall issue the completed summons. Pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the Complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the Complaint, and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon the United States Attorney for the Southern District of Illinois a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to the United States Attorney. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

**IT IS ORDERED** that, if the defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 12/20/2019**

                                                s/J. Phil Gilbert  
                                                **J. PHIL GILBERT**  
                                                **United States District Judge**

**<u>Notice to Plaintiff</u>**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**