IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT TURNER, Reg. 13717-025

    Plaintiff,

  vs.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 19-cv-700-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion for summary judgment filed by the defendant United States of America (Doc. 19) and the motion for leave to file an amended complaint by plaintiff Robert Turner (Doc. 25).

Turner, an inmate in the custody of the Federal Bureau of Prisons, brought this action against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, based on a state law medical negligence theory (Doc. 1).  Turner claimed that he was forced to submit to a tuberculosis ("TB") test while he was a pretrial detainee under federal authority at the White County Jail on July 10, 2017.  The Jail's nurse, Nurse Stephany Burnett, injected Plaintiff after he informed her that he tested positive for TB and treated for it in 2010.  When the nurse injected him, Plaintiff's arm began to spasm, and he has since suffered from gastroesophageal reflux disease and nighttime sweats.

In its motion for summary judgment, the United States argues that Turner cannot succeed on his FTCA claim because he failed to exhaust his administrative remedies before filing suit, *see* 28 U.S.C. § 2675(a), and because he has not complied with the affidavit and physician report requirement for a medical negligence cause of action under Illinois law, 735 ILCS 5/2-622(a).  It further suggests that Turner's claim is properly against the Jail's nurse, who was not a United

States employee for FTCA purposes.

Turner has not responded to the motion but has instead sought leave to amend his complaint to sue Sheriff R. Maier, the sheriff of White County, and Nurse Burnett. It is apparent that Turner wishes to voluntarily dismiss the United States from the case and to pursue only claims against defendants connected with the Jail. The Court will grant the motion for leave to file the amended complaint and will dismiss Turner's claims against the United States without prejudice.

The Amended Complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from a defendant who is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The allegations are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Amended Complaint

In the Amended Complaint, Turner brings a civil rights claim pursuant to 42 U.S.C. § 1983 against Sheriff Maier and Nurse Burnett. He asserts that Nurse Burnett violated his due process rights when she gave him a TB test that resulted in injury.[1] He seeks monetary relief.

Based on the allegations, the Court designates a single claim in the Amended Complaint:

**Count 1:**   Fourteenth Amendment claim against Sheriff Maier and Nurse Burnett for administering Plaintiff an unnecessary and/or harmful TB test on or around July 10, 2017.

---

[1] Turner mentions the Fourth Amendment, but Fourteenth Amendment due process standards govern treatment of a pretrial detainee after a probable cause determination. *Ortiz v. City of Chicago*, 656 F.3d 523, 530 (7th Cir. 2011).

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

## Discussion

A Fourteenth Amendment due process claim challenging improper medical care involves two inquiries. The first "focuses on the intentionality of the individual defendant's conduct" and "asks whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [the plaintiff's] case." *McCann v. Ogle Cty., Ill.,* 909 F.3d 881, 886 (7th Cir. 2018) (internal quotations omitted). The second asks "whether the challenged conduct was objectively reasonable." *Id*. This, in turn, requires consideration of "the totality of the facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." *Id*.

The Amended Complaint articulates a colorable Fourteenth Amendment claim against Nurse Burnett. According to Plaintiff, the nurse performed a TB test where the test was unnecessary and/or harmful to him. As a result of the test, Plaintiff suffered unnecessary injury. These facts suggest that Nurse Burnett acted purposefully, knowingly, or unreasonably when she gave Plaintiff a TB test. The allegations thus satisfy the objective unreasonableness standard applicable to Fourteenth Amendment medical claims brought by pretrial detainees. Count 1 shall proceed against Nurse Burnett.

Sheriff Maier shall be dismissed from this action. Although he is named as a defendant in the case caption of the Amended Complaint, there are insufficient factual allegations to tie him to the administration of the TB test. Plaintiff simply claims that Nurse Burnett was working in conjunction with and under the direction and control of Sheriff Maier. However, it is not enough

to name a defendant based entirely on his supervisory role at the Jail.  The doctrine of *respondeat superior* is not recognized under § 1983; to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right."  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).  The allegations must state a plausible claim against the individual for causing the deprivation at issue.  Because the Amended Complaint only asserts in a conclusory fashion that Sheriff Maier worked with and directed Nurse Burnett, Count 1 shall be dismissed without prejudice.

## Disposition

For the foregoing reasons, the Court:

- **DISMISSES** all claims against the United States **without prejudice**.  The United States is terminated as a party to this case;

- **DENIES as moot** the United States' motion for summary judgment (Doc. 19);

- **GRANTS** Turner's motion for leave to file the Amended Complaint (Doc. 25) and **DIRECTS** the Clerk of Court to file the document Turner tendered;

- **DISMISSES** Count 1 of the Amended Complaint against Sheriff Maier **without prejudice**;

- **ORDERS** that Count 1 survives initial screening against Nurse Burnett;

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order.**

The standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act entered on December 27, 2019 (Doc. 12), remains applicable to all parties in this case.

The Clerk of Court shall prepare for Defendant **STEPHANY BURNETT**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of

Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Plaintiff is **REMINDED** that

- if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A);

- at the time application was made for leave to proceed without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1);

- he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order

5

will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: 7/28/2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

### Notice

The Court will take the necessary steps to notify the defendant of your lawsuit and serve her with a copy of your complaint.  After service has been achieved, the defendant will enter an appearance and file an Answer to your complaint.  It will likely take at least 60 days from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take 90 days or more.  When the defendant has filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions.  Motions filed before defendant's counsel has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.