IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT TURNER, #13717-025, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-00700-JPG |
| ) | |
| STEPHANY BURNETT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter comes before the Court for consideration of Defendant Stephany Burnett's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss"). (Doc. 37). Defendant seeks dismissal of the claim against her as being time-barred. (*Id.*). For the reasons set forth below, Defendant's Motion to Dismiss shall be **GRANTED**.

### BACKGROUND

On June 27, 2019, Robert Turner[1] brought this action against the United States based on a state law medical negligence theory pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80. (Doc. 1). Turner claimed that he was forced to submit to a tuberculosis ("TB") "injection" on July 10, 2017, while he was a pretrial detainee on a federal holdover at White County Jail in Carmi, Illinois. The Jail's nurse, Stephany Burnett, administered the test even after Turner informed her that he tested positive for TB and treated for it in 2010. In response to the injection, Turner immediately began experiencing muscle spasms and gastroesophageal reflux disease. (*Id.*). Following preliminary review of this matter under 28 U.S.C. § 1915A, the Court

---

[1] Turner is an inmate in the custody of the Federal Bureau of Prisons and is currently incarcerated at the Gilmer Federal Correctional Institution located in Glenville, West Virginia.

1

allowed Turner to proceed with an FTCA claim against the United States based on Nurse Burnett's negligence or deliberate indifference in administering an unnecessary TB test.  (Doc. 9).

The United States moved for summary judgment on the grounds that Turner failed to exhaust his administrative remedies before filing suit as required under 28 U.S.C. § 2675(a) and also failed to file the affidavit and physician report required for a medical negligence cause of action under Illinois law, 735 ILCS § 5/2-622(a).  (Doc. 19).  The United States suggested that Turner's claim was properly against the nurse, who was not an employee of the United States. (*Id*.).  Turner did not respond to the summary judgment motion or any arguments set forth therein.

On July 9, 2020, Turner instead filed a motion for leave to amend his complaint to name Nurse Burnett.[2]  The Court construed the motion as a request to voluntarily dismiss the United States from the FTCA action and add a claim against the Jail defendants pursuant to 42 U.S.C. § 1983.  On July 28, 2020, the Court dismissed Turner's claim against the United States without prejudice and allowed him to proceed with a Fourteenth Amendment due process claim against Nurse Burnett in the amended complaint.[3]

### MOTION TO DISMISS (DOC. 37)

In lieu of an answer, Burnett filed a timely Motion to Dismiss on October 29, 2020. (Doc. 37).  In it, Burnett seeks dismissal of the Fourteenth Amendment due process claim against her under Rule 12(b)(6) because Turner did not name her in the amended complaint within the two-year limitations period applicable to the claim.  (*Id*. at 2).  Turner was aware of a violation of his rights on July 10, 2017, and he should have filed his Section 1983 claim against the nurse within two years of that date.  Because Turner did not seek to amend the complaint to add a claim

---

[2] He also named Sheriff R. Maier as a defendant in the amended complaint.  (Doc. 26).
[3] Sheriff Maier was dismissed without prejudice.  (*See id*.).

against the nurse until nearly three years after the injection, in July 2020, Burnett asks the Court to dismiss the claim against her as being time-barred.  (Doc. 37).

Turner filed a Response to the Motion to Dismiss ("Response") on March 5, 2021.  (Doc. 46).  He argues that the statute of limitations was tolled while he administratively exhausted his claims.  (*Id*. at 1-4).  Alternatively, Turner asks this Court to apply equitable tolling to his Section 1983 claim against Burnett during the time that his FTCA claim was pending against the United States.  (*Id*.).

## LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of the complaint and not the merits.  *See* FED. R. CIV. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).  The purpose of a motion to dismiss filed under Rule 12(b)(6) is to decide the adequacy of the complaint.  *Gibson*, 910 F.2d at 1520.  In order to survive a Rule 12(b)(6) motion, the complaint must allege enough factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A Plaintiff need not plead detailed factual allegations, but he or she must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 570.  When considering a motion to dismiss filed pursuant to Rule 12(b)(6), the Court must accept well-pleaded facts as true and draw all possible inferences in favor of the plaintiff.  *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

## ANALYSIS

Section 1983 contains no statute of limitations. *See* 42 U.S.C. § 1983; *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). For claims brought pursuant to Section 1983, this court borrows the statute of limitations for personal injury actions from the state where the alleged injury occurred. *Chambers v. Cross*, 788 F. App'x 1032, 1033 (7th Cir. 2019) (citing *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 913 (7th Cir. 2000)). Turner's injury occurred in Illinois, so the Court looks to Illinois state law for the applicable statute of limitations. A two-year statute of limitations applies to personal injury claims under Illinois law. 735 ILCS § 5/13-202; *Cesal v. Moats*, 851 F.3d 714, 721-22 (7th Cir. 2017).

Turner was required to bring suit against Burnett within two years of his injury that occurred on July 10, 2017. However, he did not file suit against her until almost three years later, when he named her as a defendant in an amended complaint signed July 5, 2020 and filed July 29, 2020. (Doc. 27). The amended complaint was filed well beyond the two-year limitations period that applies to the Fourteenth Amendment due process claim against Burnett. The claim against Burnett is thus time-barred.

Turner urges the Court to accept his original complaint as a timely-filed Section 1983 claim against Burnett. (Doc. 1). In the complaint, Turner did not name Burnett as a defendant, but he alleged that Burnett administered an "unnecessary and/or harmful TB test on or around July 10, 2017" that "instantly" caused him to experience muscle spasms and gastroesophageal reflux. (Doc. 1, p. 2). In the amended complaint, Turner names Burnett as a defendant in connection with a claim that she forcefully injected him with TB "during the year of 2017." (Doc. 27, ¶ 2). Because the original complaint focuses entirely on an FTCA claim against the United States, the Court did not construe it as a Section 1983 action against Nurse Burnett, and correctly

so. (*Id.*). Turner did not invoke Section 1983, name Burnett as a party specifically or generically, or assert a claim against her. (*Id.*). Moreover, he did not amend the complaint to dismiss his FTCA claim against the United States and to add a due process claim against Burnett pursuant to Section 1983 until long after the limitations period expired. (*See* Doc. 27).

An amendment that adds a new party after the statute of limitations expires is untimely and will be dismissed unless it relates back to the original complaint or the running of the statute of limitations is tolled. *See* FED. R. CIV. P. 15(c)(1); *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 561-62 (7th Cir. 1996). Rule 15(c)(1) sets forth the following requirements for relation back of an amended complaint:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for service the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c)(1). The Seventh Circuit has interpreted Rule 15(c)(1) "to permit an amendment to relate back to the original complaint only where 'there has been an error made concerning the identity of the proper party and where the party is chargeable with knowledge of the mistake.'" *King*, 201 F.3d at 914 (citing *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998); *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993); *Wood v. Woracheck*, 618

F.2d 1225, 1230 (7th Cir. 1980)).  There was no error about Nurse Burnett's proper identity that excused Turner's failure to name her within the applicable two-year limitations period.  Turner simply chose not to pursue a claim against her until it was too late.  He was clearly aware of this defendant's identity at the time he prepared the original and amended complaint.  Turner named the nurse in the body of both complaints.  (*See* Doc. 1, ¶¶ 2-5; Doc. 27, p. 2).  Under the circumstances, Turner cannot avail himself of the relation back doctrine in Rule 15(c)(1).

Tolling of the statute of limitations does not save the claim against Burnett.  Turner urges the Court to find that the statute of limitations was tolled while he exhausted his administrative remedies.  Under Illinois law, which applies to tolling here, the limitations period pauses while an inmate exhausts administrative remedies pursuant to the PLRA.  *Johnson v. Rivera*, 272 F.3d 519, 521-22 (7th Cir. 2001).  However, Turner offers no facts, law, or argument suggesting that he even attempted to exhaust his remedies before bringing suit against Burnett.  (*See* Docs. 1, 27, and 46).

Turner similarly urges the Court to find that the statute of limitations period was tolled on his due process claim while he exhausted his remedies for the FTCA claim against the United States.  (*See id*.).  However, he points to no law in support of this assertion.  Moreover, Turner demonstrated no efforts to exhaust his administrative tort remedies before bringing suit against the United States.  In fact, the Government already filed for summary judgment on the issue of exhaustion, and Turner filed no response in opposition to it.  (Doc. 19).  The crux of the Government's argument was that "Plaintiff . . . never filed an administrative tort claim with the U.S. Marshals Service related to the allegations in this suit" in the first place.  (*Id*. at 4).  Turner did not respond to this argument, even after he was warned that failure to do so would be deemed an admission of the merits of the motion or certain facts asserted therein.  (Doc. 20) (citing FED.

R. CIV. P. 56; SDIL-LR 7.1(c)).  Under the circumstances, the Court rejects Turner's argument that the statute of limitations was tolled while he exhausted his administrative tort remedies.

Equitable tolling also does not save Turner's claim against Burnett.  Equitable tolling may be appropriate when a defendant has actively misled a plaintiff about a cause of action, when some extraordinary circumstance prevents the plaintiff from asserting his rights in a timely manner, or when a plaintiff asserts his rights in the wrong forum.  *See Rosado v. Gonzalez*, 832 F.3d 714, 717 (7th Cir. 2016); *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006) (tolling analysis is governed by state law).  Under this doctrine, a court may pause the running of a statute of limitations period where a "party has pursued his rights diligently but some extraordinary circumstance prevents him from meeting a deadline."  *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015).  Equitable tolling is granted "sparingly" and only where "[e]xtraordinary circumstances far beyond the litigant's control must have prevented the timely filing."  *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000).  This case does not present one of those extraordinary circumstances where timely suit was impossible.  Turner does not suggest that anyone misled him about his claim against Burnett, that he attempted to bring this claim in the wrong forum, or that other extenuating circumstances precluded him from naming Burnett in this suit.  As such, the doctrine of equitable tolling does not save his claim.

Although Rule 12(b)(6) is generally not used to dismiss a claim on statute of limitations grounds, doing so is appropriate when "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense."  *Flynn v. Donnelly*, 793 F. Appx. 431, 434 (7th Cir. 2019) (citing *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613 (7th Cir. 2014) (internal citation omitted)).  *See Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) ("[A] federal complaint does not fail to state a claim simply because it omits facts that would defeat

a statute of limitations defense. However, . . . dismissal . . . on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads h[im]self out of court by alleging facts that are sufficient to establish the defense."). The allegations clearly show that Turner brought suit against Burnett well beyond the applicable limitations period. Accordingly, his claim against the nurse is time-barred, and this action shall be dismissed with prejudice.

## DISPOSITION

**IT IS ORDERED** that Defendant Burnett's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 37) is **GRANTED**, and **COUNT 1** is **DISMISSED** with prejudice as being time-barred. Plaintiff's Motion for Entry of Default Judgment (Doc. 47) is **DISMISSED** as being **MOOT**. Because no other claims remain pending, the entire action is **DISMISSED** with prejudice.

Plaintiff is **ADVISED** that this dismissal does not count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). However, his obligation to pay the filing fee for this action was incurred at the time the action was filed, so the filing fee of $350.00 remains due and payable. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be

filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

    The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 8/6/2021**                                          <u>s/J. Phil Gilbert</u>
                                                                                           **J. PHIL GILBERT**
                                                                                            **United States District Judge**